IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON TYLER HUGHES, | ) | Case No. 1:09-cv-2224-LJO-JLT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| COUNTY OF KERN, KERN COUNTY, SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On December 23, 2009, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) On December 29, 2009, the Court granted plaintiff's request to proceed *in forma pauperis*. (Doc. 4.)

**I.      Complaint**

   **A.      Screening**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing <u>Franklin v. Murphy</u>, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

1. <u>Section 1983 complaint</u>

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Collins v. Womancare</u>, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." <u>Id.</u> There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691-692 (1978)(citing <u>Rizzo v. Goode</u>, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

///

(2) Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**B.    Analysis**

    **i.    Summary of the Allegations**

Plaintiff asserts that he sustained injuries while being arrested on November 11, 2009 by Kern County Sheriff Deputies. Specifically, he contends that he did not resist the arresting officers, complied with all commands given to him incident to the arrest but asserts that the arresting officers nevertheless "kicked, stomp and stepped on" him despite his cooperation. He alleges that the officers used unjustified force in affecting the arrest,

| | |
|---|---|
| 1 | and that as a result of this force he sustained injuries to his spine, right shoulder, neck and |
| 2 | right ear. |
| 3 | Plaintiff states he has not pursued administrative remedies against the arresting |
| 4 | officers because "CDCR Title 15, Rules and Regulations does not cover jurisdiction over |
| 5 | the Kern County Sheriffs Dept. and Kern County Sheriff Deputies/nor the appeals |
| 6 | system." |
| 7 | In his prayer, Plaintiff seeks monetary damages for pain and suffering; mental |
| 8 | anguish, depression/fear, and damages for his children. |

### ii. The Alleged Defendants

In the caption of his complaint, Plaintiff names Kern County and the Kern County Sheriff's Department as defendants. In the body of his complaint, Plaintiff cites the "arresting officers" and "all Kern County Deputies present at the arrest scene of myself on the date of 11-11-09."

### iii. Plaintiff has failed to state a cause of action against Kern County of the Kern County Sheriff's Department

In the caption of his complaint, Plaintiff names only the County of Kern and the Kern County Sherff's Department as defendants. However, neither entity may be held liable under a theory of respondeat superior in a § 1983 action. Monell, 436 U.S. at 691. Plaintiff has failed to allege that use of excessive force by the arresting officers was pursuant to a policy and/or custom of either Kern County or the Kern County Sheriff's Department. Thus, he has failed to demonstrate that his alleged constitutional injury occurred through the enforcement of an official policy or custom. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

In addition, Plaintiff fails to identify the officers who allegedly used excessive force in arresting him. Rule 10 of the Federal Rules of Civil Procedure requires Plaintiff to include the names of the parties in the action. Nevertheless, "where the identity of alleged defendants will not be known prior to the filing of the complaint, the plaintiff

should be given an opportunity through discovery to identify the unknown defendants" unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). As a result, the fact that there are no named defendants is not a sufficient basis for dismissal per se, where, as here, with leave of court, through early discovery Plaintiff could determine the identities of the officers involved in his arrest. See Fed.R.Civ.P. 26(d) (district court may order discovery early in the case).

Conversely, Plaintiff's citation of "all officers" at the scene of his arrest, without more, is insufficient to state a claim. Plaintiff fails to allege any action by these unnamed defendants which amounts to a constitutional violation. To establish entitlement to recovery under § 1983, Plaintiff must allege that the individual officers' actions caused a federal constitutional violation. Leer, 844 F.2d at 633.

### iv. The complaint is vague

Plaintiff's allegation against the arresting officers is vague. He appears to allege that the arresting officers used unjustified force in affecting his arrest. However, to prevail on a constitutional claim of excessive force, Plaintiff must show that the use of force to affect his arrest was objectively unreasonable in light of the facts and circumstances. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1093-95 (9th Cir. 2006). Whether the force used was reasonable turns on several factors including "the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." Id. (quoting Graham v. O'Connor, 490 U.S. 386, 396 (1989).

Plaintiff has failed to explicitly allege that the officers used excessive force in arresting him in violation of the U.S. Constitution. In addition, he does not state whether the officers are being sued in their individual and/or official capacities. Nor has he provided any information concerning the events surrounding his arrest. Finally, it

appears that Plaintiff is seeking to sue on behalf of others, namely, his children. Yet, his children are not named parties in this case, nor is the legal basis for their claim clear in the complaint. For all these reasons, the Court concludes that the complaint is vague and must be dismissed with leave to amend.

### C. Conclusion

In summary, the Court must dismiss Plaintiff's complaint as to all defendants because it is vague and, as such, he has failed to state a cognizable claim. The Court will grant Plaintiff an opportunity to amend the complaint to address the above deficiencies. Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND; and
2. Plaintiff is GRANTED thirty days from the date of service of this order to file an amended complaint. The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **January 25, 2010**    /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE